Camille **CASEY**, et al., Plaintiffs, Appellants,

v.

Carmine **DEPETRILLO**, et al., Defendants, Appellees.

No. 82–1669.

United States Court of Appeals, First Circuit.

Argued Jan. 3, 1983.
Decided Jan. 10, 1983.

Sandra A. Blanding, Warwick, R.I., with whom Amato A. DeLuca, and Revens & DeLuca Ltd., Warwick, R.I., were on brief, for plaintiffs, appellants.

Paul M. Giacobbe, Warwick, R.I., for defendants, appellees.

Before ALDRICH, CAMPBELL and BREYER, Circuit Judges.

PER CURIAM.

The plaintiffs-appellants are employees of the Cranston, Rhode Island school system. They brought an action under 42 U.S.C. § 1983 in federal court against several local school officials and school unions, making both federal constitutional claims and pendent state common law claims. Their underlying assertion was that the defendants injured them by breaching the plaintiffs' employment contracts. According to the plaintiffs, this breach of contract deprived them of "property without due process of law" and constituted a taking of property without just compensation, all in derogation of their rights under the Fourteenth Amendment. This somewhat unusual characterization of a simple breach of contract by a state agency was designed to bring the plaintiffs' claims within the literal scope of § 1983, which protects persons from "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. The district court dismissed the complaint under Fed.R.Civ.P. 12(b)(6) for failing to state a claim for relief under § 1983, and dismissed the pendent state claims because no proper federal claim was before the court.

In their complaint, in their brief, and at oral argument, the plaintiffs have made it clear that they do not complain about any procedural inadequacy in the state's treatment of them. *Cf. Bishop v. Wood,* 426 U.S. 341, 349–50, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976). Nor is there any indication or allegation that the state would refuse to remedy the plaintiffs' grievance should they demonstrate a breach of contract under state law. *Cf. Hays v. Port of Seattle,* 251 U.S. 233, 237–38, 40 S.Ct. 125, 126, 64 L.Ed. 243 (1920). Consequently, as the plaintiffs concede, their action is, at bottom, a simple action for breach of contract for which the state provides a complete and adequate remedy. *Cf. Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (post-deprivation state tort remedy constitutes due process for negligent deprivation of property).

The plaintiffs have failed to state a claim for relief under federal law. In *Jimenez v. Almodovar,* 650 F.2d 363, 370 (1st Cir.1981), we held that a "mere breach of contractual right is not a deprivation of property without *constitutional* due process of law. . . . Otherwise, virtually every controversy involving an alleged breach of contract by a government or a governmental institution or agency or instrumentality would be a constitutional case." We reaffirmed this holding in *Bleeker v. Dukakis,* 665 F.2d 401 (1st Cir.1981). No different result is required under the Takings Clause. *See Jackson Sawmill Co. v. United States,* 580 F.2d 302, 306–07, 311 & n. 12 (8th Cir.1978) (Takings Clause), *cert. denied,* 439 U.S. 1070, 99 S.Ct. 839, 59 L.Ed.2d 35 (1970); *cf. Hays v. Port of Seattle,* 251 U.S. at 237–38, 40 S.Ct. at 126 (Contract Clause); *E & E Hauling, Inc. v. Forest Preserve District,* 613 F.2d 675, 678–79 (7th Cir.1980) (same). Thus, the dismissal of the plaintiffs' complaint was proper. The judgment of the district court is

*Affirmed.*