**REDONDO CONSTRUCTION CORPORATION, Plaintiff,**

v.

**Hon. Jose M. IZQUIERDO, et al., Defendants.**

**Civil No. 01–2690 (FAB).**

United States District Court, D. Puerto Rico.

Feb. 7, 2008.

---

258

Luis Cotto–Roman, Yolanda Benitez–Sanchez, Yolanda Benitez Law Office, San Juan, PR, for Plaintiff.

Ana M. Margarida–Julia, Department of Justice, Pedro Santiago–Rivera, Milagros Ruiz–Chaar, Reichard & Escalera, Luis A. Rivera–Cabrera, Maria del Pilar Garcia–Incera, Ricardo A. Perez–Rivera, Luis A. Rivera Cabrera, PSC, Fernando Van–Derdys, F. Van Derdys Law Office, Pedro E. Ruiz–Melendez, Pedro E. Ruiz Law Office, PSC, San Juan, PR, for Defendants.

## OPINION AND ORDER

BESOSA, District Judge.

Pending before the Court are Plaintiff Redondo Construction Corporation's ("RCC") Motion for Partial Summary Judgment (Docket No. 321) and Defendant the Puerto Rico Highway and Transportation Authority's ("PRHWTA") Motion for Summary Judgment (Docket No. 327). For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** RCC's Motion for Partial Summary

Judgment and **GRANTS** PRHWTA's Motion for Summary Judgment.

## I. *THE FACTS*[1]

The origin of this case was the criminal case filed against Plaintiff RCC by the United States of America. RCC was charged with several violations of federal law, including making false statements on loan and credit applications, 18 U.S.C. § 1014, and making false statements in connection with highway projects and aiding and abetting, 18 U.S.C. § 1020.

After RCC's guilty plea, on April 16, 1999 Defendant PRHWTA suspended RCC from all of its bid procedures for a period of thirty (30) days. RCC challenged this decision within the administrative channels of the Puerto Rico Department of Transportation and Public Works (DTOP), and, later, the Puerto Rico Court of Appeals. (Opinion and Order I and III and Docket No. 104, Exh. 1, *Redondo Constr. Corp. v. P.R. Highways and Transp. Auth.*, KLRA 9900308 (P.R. Ct. App.1999)). The parties eventually reached a Settlement Agreement on November 14, 2000 that ended the administrative process, suspended RCC from participation in bids, until December 10, 2000, allowing RCC to participate in bids from December 11, 2000 to July 31, 2002, pursuant to a monitoring plan. (Docket No. 81, ¶ 9; Docket No. 82, ¶ 11 and Docket No. 327, Exh. 2, Redondo Construction Corporation FHWA/PRHTA Monitoring Facilitation Plan, "Settlement Agreement" or "Monitoring Plan")[2]

On December 29, 2000, Law No. 458 was enacted. *See* 2000 P.R. Laws 458, *amended by* Law No. 84 of July 29, 2001, 2001 P.R. Laws 84, and later by Law No. 59 of January 4, 2003, 2003 P.R. Laws 59. This statute prohibits any agency director or any director of a public instrumentality from awarding a government contract to any person, natural or legal, that has been found guilty or has entered a plea of guilty in any jurisdiction in the United States. Anyone convicted of a felony is debarred from bidding on public contracts for twenty (20) years; anyone convicted of a misdemeanor is debarred for five (5) years.

On February 14, 2001, shortly after the enactment of Law No. 458, Defendant PRHWTA withdrew its consent to the Settlement Agreement because of RCC's "failure to comply with the provisions of the Monitoring Agreement and to cure such default within a reasonable period of time [sic]." PRHWTA claimed that RCC failed to comply with its obligation to deposit $25,000 in an escrow account, as agreed pursuant to the Monitoring Agreement (Docket No. 327, Exh. 4, letter from PRHWTA's Executive Director, Jose F. Lluch–Garcia to RCC dated February 14, 2001); *See also,* Exh. 5 *Redondo Construction Corp. v. PRHWTA,* KLRA0400982, 2005 WL 1475931 (P.R. Ct.App. May 31, 2005, pp. 8–11)

After withdrawing its consent to the Settlement Agreement, PRHWTA requested an administrative hearing to determine the length of RCC's suspension.

---

**1.** Although a full background of this case appears in this Court's Opinion and Order of November 1, 2002 (Opinion and Order I, Docket No. 112), the Opinion and Order of January 15, 2003, (Opinion and Order II, Docket No. 136), and the Opinion and Order of February 25, 2003, (Opinion and Order III, Docket No. 151), a brief factual background to consider the parties' motions is appropriate.

**2.** The parties (PRHWTA and RCC) also settled other cases that were filed by RCC against the PRHWTA for breach of contract and collection of monies owned to RCC. (Docket No. 327, Exh. 1, ¶ 5 and *Redondo Construction Corp. v. PRHWTA,* KLRA0400982, 2005 WL 1475931 (P.R. Ct.App. May 31, 2005, p. 8))

The DTOP granted this request and approved PRHWTA's withdrawal of the Settlement Agreement. RCC then filed a motion before the DTOP arguing that the agency had no jurisdiction to consider the matter and that the breach of contract issue was for the courts, not the agency, to consider. (Docket No. 81, Exh. 3; Docket No. 136, Opinion and Order II, p. 3) The DTOP denied RCC's request and RCC appealed. On November 12, 2002, the Puerto Rico Court of Appeals remanded the case to the DTOP, and held that the agency had proper jurisdiction and power to determine whether the withdrawal of the Settlement Agreement was lawful. (Docket No. 118, Exh. 1, *Redondo Constr. Corp. v. DTOP*, KLRA0200498, 2002 WL 31661987 (P.R. Ct.App.2002)).

On December 14, 2001, RCC filed the complaint in this Court requesting that Law No. 458 be found to be unconstitutional on its face and as applied to it, under various provisions of the United States Constitution, including the Due Process, Ex Post Facto[3] and Double Jeopardy[4] clauses. (Docket No. 1, ¶¶ 122–177) RCC also alleged breach of contract arising out of Defendants' failure to perform under the Settlement Agreement. (*Id.*, ¶ 183) Plaintiff further requested injunctive and monetary relief to vindicate its claims. (*Id.*, at 54–55) As part of this complaint, however, RCC did not claim that the breach of Settlement Agreement violated its rights under the Contracts Clause of the United States Constitution.[5] (*Id.*; Docket No. 151, p. 5)

At the time this complaint was filed, administrative proceedings were pending before the DTOP on two issues also before this Court: the proper length of RCC's debarment and whether the Settlement Agreement was lawfully terminated.

On October 30, 2002, this Court dismissed RCC's claims under Due Process, Ex Post Facto, and Double Jeopardy clauses of the United States Constitution, with prejudice. (Docket No. 112) RCC's claims for deprivation of a property interest *in existing contracts*, however, were "re-characterized as a constitutional challenge under the Contracts Clause in the United States Constitution," and defendant's request to dismiss those claims was denied. (*Id.*, p. 23)

After that Opinion, "the only remaining causes of action [before this court were] the potential claims under the Contracts Clause for the cancellation of *existing* contracts and any supplemental state law claims". (Docket No. 136, p. 4) (emphasis in original)

RCC then filed a Motion to Stay Administrative Proceedings before the Puerto Rico Highway and Transportation Authority. (Docket No. 81) The PRHWTA also filed a Motion requesting to stay the proceedings before this Court. (Docket No. 118)

On January 15, 2003, the Court denied RCC's request to stay the proceedings before the PRHWTA and granted in part and denied in part PRHWTA's request to stay the proceedings before this Court. (Docket No. 136) The Court concluded that abstention was proper under the *Burford*[6] and *Colorado River*[7] doctrines, finding that (1) DTOP had assumed jurisdiction over those claims on a date prior to the filing of the Complaint in this Court; (2) the proceedings before the DTOP were at a more

---

**3.** U.S. Const. art. 1, § 9, cl. 3.

**4.** U.S. Const. amend. V.

**5.** U.S. Const. art. 1, § 10, cl. 1.

**6.** *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1942)

**7.** *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

advanced stage; (3) the administrative forum provided by the DTOP was adequate and appropriate; and (4) the proceedings dealt with important questions of public policy and state law. (*Id.*, pp. 6–9) Because the proceedings before the administrative agency could effectively and decisively resolve those particular claims, the Court **stayed** "any proceedings related to Plaintiff's breach of contract claim arising out of the alleged unlawful termination of the Settlement Agreement" pending resolution of the administrative proceedings. (*Id.*, pp. 8–9)

Important to the issues now before the Court, this Court expressed the following:

The administrative proceedings that Plaintiff is asking this Court to stay deal with the proper length of Redondo Construction's debarment and **whether the PRHWTA lawfully terminated the Settlement Agreement.** These are questions predominantly **local in nature:** the first concerns issues that go to the heart of the Government of Puerto Rico's public policies; **the second is purely a question of state law.** The administrative procedures available through the Department of Transportation to handle this claim are comprehensive and provide for review by the Puerto Rico Court of Appeals.... Moreover, the claims before this Court regarding **the termination of the Settlement Agreement involve no questions of federal law.** In its complaint, Plaintiff presents the unlawful termination of the Settlement under the cause of action **for breach of contract—a question of state law.** This claim, then, **is distinct and independent** from the remaining potential claims under the Contracts Clause for the alleged cancellation of existing contracts. (Docket No. 136, pp. 6–7) (Emphasis added)

It is clear from this Order that this Court only reserved for adjudication "...

the potential claims under the Contracts Clause for termination of *existing* contracts [excluding the Settlement Agreement] between Redondo Construction and the Defendants." (*Id.*, p. 9)(emphasis in the original)

Both parties requested reconsideration of the Court's decision. The PRHWTA filed a Motion to Amend Judgment (Docket No. 115) and RCC an "Urgent Motion Requesting Reconsideration of January 14, 2003 Opinion and Order". (Docket No. 140) Among other things, RCC expressed disagreement with the court's decision to exclude the alleged breach of the Settlement Agreement under those claims "subjected to a Contract [sic] Clause analysis". (*Id.*)

On February 25, 2003, this Court denied both requests. (Docket No. 151) The Court noted that "Redondo has not submitted a proper Amended Complaint claiming that the breach of the Settlement Agreement violates its rights under the Contracts Clause." (*Id.*, p. 5, n. 1) The Court further expressed, "abstention still would be warranted even if the breach of the Settlement Agreement violates its rights under the Contracts Clause. The lawfulness of PRHWTA's decision to rescind the Settlement Agreement and its imposition of a period of debarment still involve substantial questions of state law and public policy." (*Id.*, p. 5) Finally, this Court expressed that "[b]ecause the Court only stayed—not dismissed—these claims pending resolution of proceedings before the Department of Transportation, future consideration of the constitutional question is not precluded." (*Id.*, p. 5)

After leave of the Court was granted, plaintiff filed an Amended Verified Complaint. (Docket No. 161) This time, plaintiff specifically alleged that the Settlement Agreement was terminated in violation of the Contracts Clause of the Constitution of

the United States. (Docket No. 162, pp. 22–24)[8]

Meanwhile, the administrative proceedings before the DTOP continued and a hearing was held on October 22, 23 and December 3, 2003, to determine whether the PRHWTA's decision to terminate the Settlement Agreement was lawfully made. (Docket No. 322, RCC's Statement of Uncontested Material Facts, "RSUMF", ¶ 39).

On June 22, 2004, the hearing examiner that presided the hearings before the DTOP submitted his Report and Recommendation to Fernando Fagundo, at the time Secretary of the DTOP. His recommendations were later adopted by Mr. Fagundo and a resolution denying PRHWTA's request to withdraw its consent to the Settlement Agreement was issued on July 14, 2004. (RSUMF, ¶¶ 40–42)

In reconsideration, however, Mr. Fagundo issued a new resolution setting aside the July 14, 2004 resolution and approving PRHWTA's decision to withdraw its consent to the Settlement Agreement.[9] (RSUMF ¶ 43 and Docket No. 327, Exh. 5, pp. 12–13)

On November 29, 2004, RCC sought review of DTOP's Resolution in Reconsideration before the Puerto Rico Court of Appeals. On May 31, 2004, the Puerto Rico Court of Appeals entered a judgment by which it reversed and set aside the DTOP's resolution in reconsideration and the DTOP's Order of January 3, 2002. (Docket No. 327, Exh. 5)

Specifically, the Puerto Rico Court of Appeals held that the DTOP erred in concluding that the PRHWTA had the right to withdraw its consent to the Settlement Agreement. After evaluating the negotiations between the parties that preceded the signing of the Settlement Agreement, the Court of Appeals held that one of the principal considerations for RCC to settle its claims in four (4) cases against the PRHWTA was that because of having entered into the Settlement Agreement it would have the right to bid again in the PRHWTA's public bids. The Court further expressed there was nothing in the record "indicating that RCC would have been willing to end the causes of action .... if [the] PRHWTA had not been willing to execute the [Settlement Agreement], permitting RCC to bid on PRHTA contracts." (*Id.,* p. 26) In addition, the Court of Appeals held that, even if it were to conclude that RCC breached the Settlement Agreement, the breach alleged by the PRHWTA "did not constitute grounds for the resolution of the Monitoring Plan" because RCC's failure to deposit the $25,000 was a "breach of an accessory or complementary obligation" that "did not pose a risk to the fulfillment of PRHTA's goals or main purpose under the Monitoring Plan." (*Id.,* p. 36) Such a breach, the Court concluded, entails the redress of any damages that the PRHWTA could have suffered as a result of RCC's delay, not the resolution of the Settlement Agreement. (*Id.,* pp. 31–37) Finally, the Court of Appeals ordered the PRHWTA to "immediately comply with all the agreements made between the parties under the Monitoring Plan, once this judgment becomes final and enforceable." (*Id.,* p. 38; *see also* RSUMF, ¶¶ 44–48)

---

8. On January 9, 2007, RCC filed a "Second Amended Complaint". (Docket No. 262) The amendment was limited to include the outcome of the administrative proceedings in this case, the possible effect of the bankruptcy proceedings in this case, and the amount of damages claimed by RCC.

9. In essence, Mr. Fagundo reinstated the DTOP's Order of January 3, 2002 which had approved the PRHWTA's withdrawal of its consent to the Settlement Agreement.

On July 1, 2005, the PRHWTA filed a Petition for Certiorari before the Puerto Rico Supreme Court seeking the reversal of the Court of Appeal's Judgment. The Puerto Rico Supreme Court denied PRHWTA's request on October 31, 2005. (Docket No. 322, Exh. 6 and RSUMF, ¶ 49) Two motions for reconsideration were later denied by the Puerto Rico Supreme Court. (Docket No. 322, Exhs. 7 and 9 and RSUMF, ¶¶ 50–51)

On April 30, 2007, RCC filed a Motion for Partial Summary Judgment in this case. (Docket No. 328) RCC requests this Court to give "conclusive effects" [sic] to the Judgment entered by the Puerto Rico Court of Appeals and to conclude that the PRHWTA breached the Settlement Agreement subscribed with RCC as mandated by the res judicata doctrine. RCC also asks this court to enter summary judgment on its federal claims under the Contracts Clause of the United States Constitution because it is uncontested that "there was a contract which was substantially impaired by the PRHWTA's application to RCC of Law No. 458, and [that] there is no legitimate public policy which could be voiced as justifying a clear constitutional violation". On May 14, 2007, the PRHWTA filed an opposition. (Docket No. 335) RCC then filed a Reply. (Docket No. 367)

On April 30, 2007, the PRHWTA also filed a Motion for Summary Judgment, which RCC opposed. (Docket Nos. 327, 340) On May 18, 2007 the PRHWTA filed a reply. (Docket No. 346)

## II. SUMMARY JUDGMENT STANDARD

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); See also, Santiago–Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52. (1st Cir.2000); Morales, et al. v. St. Luke's Episcopal Hospital, et al., 328 F.Supp.2d 192, 195–196 (D.P.R.2004). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion for summary judgment has been presented, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. See Suarez v. Pueblo Int'l, Inc., 229 F.3d 49 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion." Maldonado–Denis v. Castillo–Rodriguez, 23 F.3d 576, 581 (1st Cir.1994).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith,* 904 F.2d 112, 115 (1st Cir.1990). "Mere allegations, or conjecture unsupported in the record, are insufficient to raise a genuine issue of material fact". *August v. Offices Unlimited, Inc.,* 981 F.2d 576, 580 (1st Cir.1992). The court may safely ignore, however, "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990).

### III. *PRHWTA's and RCC's Motions for Summary Judgment*

Having considered the parties filings and allegations, it is clear that both RCC and PRHWTA agree on the fact that the Puerto Rico Court of Appeals fully adjudicated the lawfulness of PRHWTA's decision to terminate the Settlement Agreement and that it ruled in favor of RCC when it held that the PRHWTA breached the Settlement Agreement. (*See,* Docket Nos. 327, 328, 335, 337, 340 and 346) That Judgment is final and unappealable. Therefore, no further action from this Court is required as to this fact and the Court will adopt as conclusive the findings made by the Puerto Rico Court of Appeals. Both parties, however, attribute different legal consequences to this ruling. The Court considers their arguments in turn.

### A. *The doctrine of res judicata does not preclude this Court from entertaining RCC's claims under the Contracts Clause* [10]

In its Motion for Summary Judgment, the PRHWTA presents three main argu-

ments for this Court to enter summary judgment in its favor. First, it alleges that this Court is barred from considering RCC's claim that the breach of the Settlement Agreement violates its rights under the Contracts Clause of the United States Constitution because of the findings made by the Puerto Rico Court of Appeals that the PRHWTA illegally terminated the Settlement Agreement. Its main contention seems to be that this Court only reserved for future consideration the controversy as to whether the cancellation of any existing contracts—**excluding the Settlement Agreement**—was in violation of the Contracts Clause of the United States and that any controversy regarding the cancellation of the Settlement Agreement is strictly a matter of state law, already resolved by the state court. This argument demonstrates nothing but confusion by the PRHWTA and the Court briefly addresses the PRHWTA's mistake.

■ Although it is uncontested that the Puerto Rico Court of Appeals decided whether the PRHWTA was justified in withdrawing its consent to the Settlement Agreement and held that the PRHWTA breached it, it is clear that the Judgment does not preclude this Court from adjudicate whether that breach violated the Contracts Clause of the United States Constitution. The PRHWTA seems to ignore that, although RCC originally did not claim that the breach of the Settlement Agreement violated its rights under the Contracts Clause (Docket No. 1), leave from this Court was granted to allow that claim to be brought by RCC and that an amended complaint including that allegation was later filed by RCC. (Docket No. 162)

---

10. *See,* RCC's Motion for Partial Summary Judgment (Docket No. 328 pp. 11–14) and the PRHWTA's Motion for Summary Judgment (Docket No. 327, pp. 5–8).

Additionally, in its second Opinion and Order, this Court expressly recognized that "[b]ecause the Court only stayed—not dismissed—these claims [the lawfulness of PRHWTA's decision to rescind the Settlement Agreement and its imposition of a period of debarment] pending resolution of proceedings before the Department of Transportation, future consideration of the constitutional questions is not precluded." (Docket No. 151, p. 5) Now that those questions have been answered by the Puerto Rico Court of Appeals, the decision as to whether the PRHWTA's breach infringes the United States Constitution is a matter for this Court to decide.

B. *Whether RCC's claims under the Contracts Clause meet the standard established in Parker v. Wakelin, 123 F.3d 1 (1st Cir.1997)* [11]

As a second ground to request the dismissal of RCC's claims under the Contracts Clause, the PRHWTA contends that those claims do not meet the standard established in *Parker* because Law No. 458 did not impair in any way the rights or obligations agreed by RCC and the PRHWTA in the Settlement Agreement.

The Contracts Clause of the United States Constitution protects individual and other legal entities who have freely entered into contracts from retroactive litigation impairing the obligations under those contracts. Specifically, it provides that "[n]o state shall … pass any … Law impairing the Obligation of Contracts …" *See* U.S. Const. Art. I, § 10. The fact that a state is one of the contracting parties in this matter does not preclude it from obeying the directives of the Constitution. *See* Erwin Chemerinsky, *Constitutional Law Principles and Policies,* 630 (3d Ed.2006).

■ In order to make a claim under the Contracts Clause, a two part test applies. *See Parker v. Wakelin,* 123 F.3d 1, 4–5 (1st Cir.1997). The Court must first decide whether "a change in state law has resulted in the substantial impairment of a contractual relationship." *Parella v. Retirement Bd. of the Rhode Island Employees' Retirement System,* 173 F.3d 46, 59 (1st Cir.1999) (internal quotation marks and citations omitted). This first inquiry is broken down into three components: whether there is a contractual relationship, whether a change in law impairs that contractual relationship, and whether the impairment is substantial." *Id. (quoting General Motors Corp. v. Romein,* 503 U.S. 181, 186, 112 S.Ct. 1105, 117 L.Ed.2d 328 (1992)). *If* the answer to *all* the three questions is yes, then the Court must determine "whether or not the impairment is nonetheless justified as reasonable and necessary to serve an important public purpose." *Id., (quoting United States Trust Co. v. New Jersey,* 431 U.S. 1, 25, 97 S.Ct. 1505, 52 L.Ed.2d 92 (1977) (internal quotation marks omitted)).

In this case, it is uncontested that the first part of the inquiry (the existence of a contractual relationship) is met. On November 14, 2000, the parties freely and voluntary entered into a Settlement Agreement. Therefore, the Court needs to determine whether the second element of the analysis is present here. That is, whether Law No. 458 impaired the rights and obligations agreed between the parties in the Settlement Agreement.

Article 4 of Law No. 458 states,

[t]he conviction or guilt for any of the crimes listed in § 928b of this title shall entail, in addition to any other penalty, the automatic rescission of all contracts in effect on said date between the person convicted or found guilty and any

---

**11.** *See,* RCC's Motion for Partial Summary Judgment (Docket No. 328 pp. 14–24) and the PRHWTA's Motion for Summary Judgment (Docket No. 327, pp. 8–15).

agency or instrumentality of the Commonwealth government, public corporation or municipality of Puerto Rico. In addition to the rescission of the contract, the Government shall have the right to demand the reimbursement of payments made with regard to the contract or contracts directly affected by the commission of the crime.[12]

P.R. Laws Ann. tit. 3 § 928c.

In addition, article 9 provides that "[t]he dispositions of this statute shall not have retroactive effect or interfere with existing contracts, without prejudice to the Commonwealth of Puerto Rico in prosecuting each and every one of the civil actions and criminal actions pending before the enactment of this law in relation to contracts entered into before the enactment of this statute." P.R. Laws Ann. tit. 3 § 928h.

As this Court admonished in its first Opinion and Order, "[t]he statute anticipates problems inherent in retroactive legislation, such as the Ex Post Facto clause and the constitutional prohibition against interference by states with contracts."[13] Furthermore, in that first Opinion and Order, this Court specifically held that the statute in question does not apply retroactively. Specifically, this Court expressed that it

"... takes account of past behavior in order to institute civil debarment proceedings. The statute, however, does not operate to regulate past behavior but future behavior. In essence, no bid or public contract after December 2000 shall be awarded to anyone convicted of the crimes listed in the debarment statute. Therefore, the statute cannot be

said to apply retroactively because it takes into account past admissions of guilt." See Docket No. 112, p. 27.

### i. As applied challenge

As previously stated, in order to make a claim under the Contracts Clause, RCC must prove, not only that there was a contractual relationship, but also that "a change in law impair[ed] that relationship." Parker, 123 F.3d at 5.

For the PRHWTA, the clear language of the statute should end the analysis. It seems to suggest that the enactment of Law No. 458 did not impair the rights or obligations entered into by the parties in the Settlement Agreement "in any way whatsoever" because the breach was not caused by Law No. 458 itself, but instead, it was caused by the PRHWTA's actions that violated Law No. 458. (Docket No. 327, pp. 13–14)

RCC, in turn, alleges that the PRHWTA's argument disregards "the well established principle that statutes may also be challenged as applied." (Docket No. 340, p. 15) It is RCC's contention that, although the law in question explicitly prohibits its own retroactive application[14], the PRHWTA applied it in a manner that impaired the Settlement Agreement executed before Law No. 458 took effect. In its own words, "[t]he Contracts Clause's scope of protection is not limited to those statutes that expressly provide for their retroactive application. The protection afforded extends to situations in which a statute is applied in a manner that 'substantially impairs' a prior contractual relationship". (Docket No. 340, pp. 15–16)

---

12. Section 4 was amended in 2001 by Law No. 84 of July 29, 2001 ("Act 2001"). Act 2001 substituted "or municipality of Puerto Rico" with "municipality, the Legislative Branch or the Judicial Branch of Puerto Rico" in the first sentence.

13. U.S. Const., Art. I, Section 10, clause 1.

14. In fact, RCC specifically recognizes that Law No. 458 "... based on well established constitutional principles, specifically prohibited its retroactive application". (Docket No. 367, p. 6)

Although RCC's contention that statutes may also be challenged as applied is correct, that is not the case here. An "as-applied" challenge does not allow a plaintiff to challenge a statute on constitutional grounds because it was applied in violation of the statute itself. Instead, it is a protest against how a statute was applied in the particular context in which the plaintiff acted or proposed to act. To put it differently, an as-applied challenge is a claim that a statute "by its own terms, infringe[s] constitutional freedoms in the circumstances of [a] particular case." *See e.g. United States v. Christian Echoes Nat. Ministry, Inc.,* 404 U.S. 561, 565, 92 S.Ct. 663, 30 L.Ed.2d 716 (1972). The question in this case is not of interpretation of a statute, however, but rather of acts allegedly performed by defendants in violation of Law No. 458.

■ Therefore, RCC's challenge to Law No. 458 is not a true "as-applied" challenge. RCC does not claim that Law No. 458 "by its own terms" was applied unconstitutionally against it. Instead, it argues that the PRHWTA acted in complete disregard of the law when it applied the law in complete violation of the law's own terms. The PRHWTA's action either in compliance with the law or against the law pursuant to which it was purportedly acting, does not make the law unconstitutional as applied. Therefore, the statute cannot be said to have a constitutional problem, and RCC's claims under the Contracts Clause should therefore be dismissed as a matter of law because RCC has failed to demonstrate *Parker*'s second element: that a change in Law No. 458 impaired the Settlement Agreement.

ii. *Breach of contract as an impairment*

Even if the Court were to find that Law No. 458 was unconstitutionally applied by defendants, RCC's claims would still fail as a matter of law because a simple breach of contract by a governmental entity does not invoke the Contracts Clause.

In the context of the Contracts Clause, the Supreme Court has drawn a distinction between a breach of a contract and impairment of the obligation of the contract. The distinction depends on the availability of a remedy in damages in response to the state's action. *Hays v. Port of Seattle,* 251 U.S. 233, 237, 40 S.Ct. 125, 64 L.Ed. 243 (1920); *see also TM Park Ave. Associates v. Pataki,* 214 F.3d 344, 349 (2nd Cir.2000); *Adams v. Suozzi,* 448 F.Supp.2d 448, 456 (E.D.N.Y.2006).

■ Therefore, if a contract is merely breached and the duty to pay damages remains, then the obligation of the contract remains and there has been no impairment. In other words, "a simple breach of contract by a government entity does not impair the obligation of the breached contract. The obligation of the contract remains, despite the breach, until it is extinguished by the breaching government's subsequent performance or payment of damages. Accordingly, as long as the governmental action does not foreclose an adequate damages or special performance remedy, a breach does not run afoul of the Contracts Clause." *Bettio v. Village of Northfield,* 775 F.Supp. 1545, 1571 (N.D.Ohio 1991) (*citing Hays,* 251 U.S. at 237–238, 40 S.Ct. 125); *Casey v. Depetrillo,* 697 F.2d 22, 23 (1st Cir.1983) and *E & E Hauling, Inc. v. Forest Preserve District,* 613 F.2d 675, 679–680 (7th Cir.1980).

As the Court of Appeals for the First Circuit expressed in the context of a due process claim, a "mere breach of contractual right is not a deprivation of property without *constitutional* due process of law ... Otherwise, virtually every controversy involving an alleged breach of contract by a government or a governmental instru-

mentality would be a constitutional case." *Jimenez v. Almodovar,* 650 F.2d 363, 370 (1st Cir.1981). *See also, Casey v. Depetrillo,* 697 F.2d 22, 23 (1st Cir.1983) (*citing* with approval in the context of Contracts Clause's claims, *Hays,* 251 U.S. at 237–38, 40 S.Ct. 125 and *E & E Hauling, Inc.,* 613 F.2d at 678–679).

The Court does not need to go further. It is clear that RCC cannot invoke the protection of the Contracts Clause of the Constitution due to PRHWTA's breach of the Settlement Agreement. The enactment of Law No. 458 did not impair the Settlement Agreement. As the Puerto Rico Court of Appeals held, what breached the agreement made by the parties was the PRHWTA's withdrawal of consent to the Settlement Agreement. Such a breach does not trigger the protection of the Contracts Clause of the United States Constitution.

Therefore, RCC's federal claims against PRHWTA under the Contracts Clause are **DISMISSED WITH PREJUDICE.**

### IV.  *RCC's state law claims*

Because no federal claims to ground jurisdiction remain in this case, RCC's supplemental state law claims for breach of contract and torts are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). *Claudio–Gotay v. Becton Dickinson Caribe, Ltd.,* 375 F.3d 99, 104 (1st Cir.2004) (It is well settled that a district court may decline to exercise supplemental jurisdiction when all federal claims have been dismissed)

### V.  *Conclusion*

Consequently, RCC's Motion for Partial Summary Judgment (Docket No. 321) is **GRANTED IN PART AND DENIED IN PART.** The PRHWTA's Motion for Summary Judgment (Docket No. 327) is **GRANTED.** RCC's claims under the Contracts Clause against PRHWTA are hereby **DISMISSED WITH PREJUDICE.** RCC's state law claims against PRHWTA are **DISMISSED WITHOUT PREJUDICE.** Partial Judgment shall enter accordingly.

**IT IS SO ORDERED.**