# United States Court of Appeals
## For the First Circuit

No. 13-1834

REDONDO CONSTRUCTION CORPORATION,

Plaintiff, Appellant,

v.

JOSÉ IZQUIERDO, in his official capacity as Secretary of the
Department of Transportation and Public Works; PUERTO RICO
HIGHWAY AND TRANSPORTATION AUTHORITY; PUERTO RICO PUBLIC
BUILDINGS AUTHORITY; THE GOVERNOR OF THE COMMONWEALTH OF PUERTO
RICO, in his official capacity; FERNANDO FAGUNDO; CONJUGAL
PARTNERSHIP FAGUNDO-DOE; JOSÉ LLUCH-GARCÍA; CONJUGAL PARTNERSHIP
LLUCH-DOE; CONJUGAL PARTNERSHIP IZQUIERDO-DOE,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Lynch, Chief Judge,
Selya and Howard, Circuit Judges.

Yolanda Benítez de Alegría, with whom Luis Cotto-Román was on
brief, for appellant.
Raúl Castellanos-Malavé, with whom Development & Construction
Law Group, LLC was on brief, for appellee Puerto Rico Highway and
Transportation Authority.
Susana I. Peñagaricano-Brown, Assistant Solicitor General,
with whom Margarita L. Mercado Echegaray, Solicitor General, was on
brief, for appellees José Izquierdo, Fernando Fagundo, José Lluch-

García, and the Governor of Puerto Rico.

Luis F. del Valle-Emmanuelli for appellee Puerto Rico Public Buildings Authority.

─────────────────

March 19, 2014

─────────────────

**LYNCH, Chief Judge**.   Plaintiff Redondo Construction Corporation has been in litigation against the defendants -- the Puerto Rico Highway and Transportation Authority (PRHTA), the Puerto Rico Public Buildings Authority (PBA), and several officials at both agencies (the individual defendants) -- for over a decade. Redondo alleges that the defendants were in breach of certain settlement agreements with Redondo, that this caused Redondo's bankruptcy, and that the defendants are liable in damages.   The district court granted the PRHTA's and the individual defendants' motions for summary judgment on the grounds that the record contained insufficient evidence to prove damages.   See Redondo Constr. Co. v. Izquierdo, 929 F. Supp. 2d 14, 24 (D.P.R. 2013).   It also dismissed Redondo's claims against the PBA sua sponte.   See id.   We affirm the district court's entry of summary judgment as to the PRHTA and the individual defendants but vacate the dismissal of the claim against the PBA and remand for further proceedings.

I.

A.        Guilty Plea and Initial Contract Cancellations

The events leading to this case began on April 15, 1999, when Redondo entered into a plea agreement with federal prosecutors.   Under the agreement, Redondo pled guilty to aiding and abetting the making of false statements to the U.S. Department of Transportation and to Banco Santander de Puerto Rico in the course of its work on a federal highway project.   See 18 U.S.C.

§§ 2, 1014, 1020.  The next day, the PRHTA informed Redondo that, in light of the guilty plea, it was revoking the bids it had awarded Redondo before the plea and was suspending Redondo from bidding on new contracts for 30 days, with an extension likely to be announced in the future.  In May 1999, the PBA did the same.

Redondo challenged both decisions, initiating two administrative proceedings.  The proceeding against the PBA ended with a settlement agreement allowing Redondo to resume bidding for PBA contracts on April 16, 2000.  The proceeding against the PRHTA ended with a settlement agreement allowing Redondo to resume bidding for PRHTA contracts on December 11, 2000, subject to the oversight of a monitoring service for approximately a year and a half.

B.        Enactment of Law 458

Redondo's eligibility to bid for Puerto Rico contracts shortly came into question again, this time under a new Puerto Rico statute.  On December 29, 2000, Puerto Rico passed Law 458.  See P.R. Laws Ann. tit. 3, §§ 928-928i.  Law 458 prohibits Puerto Rico agencies from awarding contracts to any person or corporation convicted of fraud, embezzlement, or other similar offenses involving public funds, for a period of 20 years after a felony conviction and 8 years after a misdemeanor.  Id. §§ 928, 928b, 928d.  Law 458 included a provision explaining that it "shall not apply retroactively nor shall [it] . . . interfere with contracts

in effect." Id. § 928h. The law was effective as of the date of its passage.

As to the PBA, between April 16 and December 29, 2000, Redondo had placed fourteen bids for PBA projects and had been awarded one contract. After Law 458 became effective, the PBA cancelled ten of Redondo's fourteen bids, as well as the contract which it had already executed with Redondo. At the time, the PBA stated that it lacked sufficient funds to proceed with the projects.

As to the PRHTA, between December 11 and December 29, 2000, Redondo did not place any bids for PRHTA contracts. Shortly after Law 458 became effective, however, on February 14, 2001, the PRHTA informed Redondo that it was withdrawing from the settlement it had reached with Redondo, citing Redondo's failure to comply with a settlement term requiring it to deposit $25,000 into escrow to fund the monitoring service. Later deposition evidence tended to show that the PRHTA was motivated by the policy of Law 458 regardless of the Law's non-retroactivity provision. Redondo deposited the funds into escrow. The PRHTA then sought to reopen administrative proceedings against Redondo to determine the length of Redondo's suspension. As described later, the PRHTA eventually prevailed at the administrative level, and Redondo later sought judicial review of the administrative decision in the Puerto Rico courts.

C.          <u>Procedural History</u>

While the Puerto Rico administrative proceedings between Redondo and the PRHTA were pending, in December 2001, Redondo filed a complaint in federal court, alleging that the PRHTA, the PBA, and the individual defendants had unlawfully applied Law 458 to Redondo, putting the agencies in breach of their respective settlement agreements. Redondo's complaint alleged that the application of Law 458 violated various provisions of the U.S. Constitution, including its Due Process and Ex Post Facto Clauses. The complaint also stated supplemental claims under Puerto Rico law for damages arising out of the alleged breach of contract. Shortly after filing the complaint, Redondo filed for bankruptcy.

The defendants in the federal action filed a motion to dismiss. In response, in October 2002, the district court held that Redondo had failed to state a federal claim with respect to the Ex Post Facto, Double Jeopardy, and Due Process clauses. <u>See</u> <u>Redondo Constr. Corp.</u> v. <u>Izquierdo</u> (<u>Redondo I</u>), No. 01-2690, slip op. at 6-23 (D.P.R. Oct. 30, 2002). In reaching that conclusion, the district court explicitly considered Redondo's argument that Law 458 "runs afoul of the presumption against retroactivity inherent in the common law tradition." <u>Id.</u> at 27. The district court explained that although the law takes into account past behavior in the form of past convictions, it operates only prospectively: "In essence, no bid or public contract after

-5-

December 2000 shall be awarded to anyone convicted of the crimes listed in the debarment statute." Id. at 23.

While providing that construction of the statute, the district court did not dismiss the case outright. Instead, it held that some of Redondo's claims could be "re-characterized" as a Contracts Clause challenge, which could survive the motion to dismiss. Id. Thus, the remaining claims after Redondo I were the Contracts Clause claim and the supplemental claims under Puerto Rico law.

Following the ruling on the motion to dismiss, the federal proceedings were stayed on the PRHTA's motion until the Puerto Rico administrative proceedings concluded.

Redondo's administrative hearing occurred in 2003. The hearing examiner concluded that the PRHTA could not withdraw from the settlement based on Redondo's failure to place the funds into escrow promptly, concluding that this failure was not a material breach of the settlement agreement. The Secretary of the Department of Transportation and Public Works initially adopted the examiner's report but, on the PRHTA's motion, later reversed his decision and ruled in favor of the PRHTA in October 2004. Redondo sought judicial review of the agency decision in the Puerto Rico Court of Appeals. On May 31, 2005, the Puerto Rico Court of Appeals ruled that, even if Redondo was in breach of the settlement agreement, the breach was not sufficient to excuse the PRHTA from

its obligations.  The court held that the PRHTA had to comply with the settlement agreement and ordered specific performance.  <u>See</u> App. 863 (certified translation of <u>Redondo Constr. Corp.</u> v. <u>P.R. Hwy. & Transp. Auth.</u> (<u>Redondo II</u>), No. KLRA0400982, 2005 WL 1475931 (P.R. Cir. May 31, 2005)).  The Puerto Rico Supreme Court denied the PRHTA's petition for certiorari and its two motions for reconsideration.  The Puerto Rico Court of Appeals did not discuss the impact of Law 458, which was not briefed or argued before it.

The federal proceedings resumed after <u>Redondo II</u>, but no significant action occurred for over a year and a half as the case was transferred to three successive judges.  Eventually, the district court set a deadline of April 30, 2007 for all dispositive motions.  On that date, the PRHTA and the PBA each moved for summary judgment on the Contracts Clause claim and argued that, after summary judgment was granted on that claim, the district court should decline to exercise supplemental jurisdiction over the remaining Puerto Rico law claims.  Over the next few months, several other pretrial motions were filed, and trial was set for February 11, 2008.

On February 7, 2008, about nine months after the summary judgment motions were filed and just four days before the scheduled trial date, the district court granted summary judgment in favor of the defendants and dismissed the supplemental Puerto Rico law claims without prejudice in accordance with the defendants'

-7-

motions. <u>Redondo Constr. Corp.</u> v. <u>Izquierdo</u> (<u>Redondo III</u>), 550 F. Supp. 2d 257, 268 (D.P.R. 2008).

Redondo appealed. On appeal, this court upheld the district court's ruling on the Contracts Clause claim but reversed its decision to dismiss the supplemental claims. <u>Redondo Constr. Corp.</u> v. <u>Izquierdo</u> (<u>Redondo IV</u>), 662 F.3d 42 (1st Cir. 2011). We reasoned that considerations of equity demanded that the court retain jurisdiction over the supplemental claims because the parties had dedicated substantial resources to the case and the summary judgment decision had come just four days before the scheduled trial date. <u>Id.</u> at 48-50. In doing so, we observed that the Contracts Clause claim failed in part because "[n]either Authority has asserted as an affirmative defense that it is excused by Law 458 . . . from compensating Redondo in damages if Redondo establishes a breach of contract," meaning that Law 458 did not impermissibly extinguish Redondo's remedies for breach of contract. <u>Id.</u> at 48.

Our holding meant that the only remaining claims in the case were Redondo's breach of contract claims against the various defendants under Puerto Rico law. <u>See id.</u> at 50. We further noted that the Puerto Rico courts had already resolved the question of whether the PRHTA was in breach, meaning that the only remaining issue as against the PRHTA on remand was "whether Redondo was

entitled to damages for the Highway Authority's breach, and if so, how much."  Id. at 50.

On remand, the district court invited additional briefing on the remaining issues.  The individual defendants filed a motion for judgment on the pleadings, which was denied.  Later, the PRHTA and the individual defendants, but not the PBA, moved for summary judgment.  On May 28, 2013, the district court granted the PRHTA's and individual defendants' motions for summary judgment.  See Redondo Constr. Co. v. Izquierdo (Redondo V), 929 F. Supp. 2d 14, 24 (D.P.R. 2013).  It went on to dismiss the entire case, including the claims against the PBA, sua sponte.  See id.  The district court reasoned that, after our decision in Redondo IV, the only remaining issue was whether Redondo was entitled to damages and, if so, what amount.  It then surveyed the pleadings, observing that none included any precise statement of damages, or even of the general nature of damages beyond broad statements such as "financial collapse."  Id. at 18.  It concluded that the only record evidence on this point was a pair of expert reports (one from 2010 and one from 2007) from Redondo's expert, CPA Rafael Perez Villarini, and Villarini's related deposition testimony.  Id. at 19.

Turning to the evidence, the court excluded the 2010 expert report as inadmissible hearsay because it was unsworn.[1] Id. It then examined the expert's deposition testimony, referring to the two reports where necessary to illuminate the testimony. After establishing the framework of the Daubert inquiry, see Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592 (1993), the district court determined that Villarini's testimony was "unreliable" because it depended on the faulty assumption that Redondo could have bid for contracts from the time its two debarment periods ended, in April and December 2000, through the present. See Redondo V, 929 F. Supp. 2d at 20-21. That was because Law 458 barred Redondo from bidding on contracts after December 2000. The district court explained that the law of the case established that point. Id. at 21-22. The court went on to reject Redondo's counterargument that Redondo IV had required that Law 458 not apply retroactively, distinguishing between Redondo's future ability to pursue bids after December 29, 2000, which the law validly extinguished, and its remedy for any breach of the settlement agreement, which the law did not and could not affect under Redondo IV. See id. at 22. There was no evidence of damages segregated out for the period before December 29, 2000 as to the PRHTA. Because the expert testimony was unreliable, the court reasoned,

_____

[1] The district court did not mention whether the 2007 expert report was likewise excluded.

-10-

Redondo could point to no evidence of damages against the PRHTA, meaning that it had failed to make out a necessary element of its case and could not survive summary judgment. Id. at 23.

The district court concluded by observing that the only claims against the individual defendants were for damages under the same theory, which meant that summary judgment was also proper there because there was likewise no proof of damages. See id. at 23-24.

Finally, acting sua sponte, the court "dismissed" the case "with prejudice," thereby terminating the claim against the PBA even though the PBA had not moved for summary judgment. See id. at 24. Redondo appeals.

## II.

We review the district court's grant of summary judgment de novo. See Bisbano v. Strine Printing Co., 737 F.3d 104, 107 (1st Cir. 2013). We first examine whether the law of the case places any limits on Redondo's breach of contract claim, then turn to whether Redondo has presented evidence sufficient to carry a properly limited claim through summary judgment.

## A.

The law of the case doctrine establishes that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." United States v. Matthews, 643 F.3d 9, 12 (1st Cir. 2011) (quoting

<u>Arizona</u> v. <u>California</u>, 460 U.S. 605, 618 (1983)) (internal quotation mark omitted).  "[A] legal decision made at one stage of a civil or criminal case, unchallenged in a subsequent appeal despite the existence of ample opportunity to do so, becomes the law of the case for future stages of the same litigation."  <u>Id.</u> (quoting <u>United States</u> v. <u>Bell</u>, 988 F.2d 247, 250 (1st Cir. 1993)) (internal quotation marks omitted).

In <u>Redondo I</u>, the district court considered Redondo's claim that Law 458 had an improper retroactive effect.  In doing so, it gave a statement of the law's construction, explaining:

> [Law 458] takes account of past behavior in order to institute civil debarment proceedings.  The statute, however, does not operate to regulate past behavior but future behavior.  <u>In essence, no bid or public contract after December 2000 shall be awarded to anyone convicted of the crimes listed in the debarment statute</u>.  Therefore, the statute cannot be said to apply retroactively because it takes into account past admissions of guilt.

<u>Redondo I</u>, slip op. at 27 (emphasis added).  Under this construction, Redondo would not be eligible to earn public contracts after December 2000.[2]

---

[2]   This construction was supported by other statements in <u>Redondo I</u>.  For example, the court also explained that, under Law 458, Puerto Rico "simply refuses to do business with" Redondo, and that this refusal was not improper.  <u>Redondo I</u>, slip op. at 23.  Similarly, in allowing a Contracts Clause claim to proceed, the district court limited its discussion to a provision of Law 458 that called for the "automatic rescission of all contracts in effect," <u>id.</u>; it did not discuss the possibility of a Contracts Clause claim with respect to the failure to award future contracts.

This statement in Redondo I is a legal decision governing the application of Law 458. Redondo did not challenge it on appeal despite an ample opportunity to do so. Consequently, the district court's 2002 interpretation of Law 458 in Redondo I is law of the case. Redondo cannot now challenge the conclusion that Law 458 validly prevented it from bidding for public contracts after December 29, 2000. Nor can it argue that Law 458 did not apply to it at all; its entire federal case was premised on the notion that Law 458 did apply.

Redondo argues that even if Redondo I established this principle, it is no longer law of the case because of intervening decisions in Redondo II and Redondo IV. In Redondo II, plaintiff observes, the Puerto Rico Court of Appeals ordered specific performance, more than four years after Law 458 took effect. See Redondo II, App. 900. Redondo argues that this order implicitly assumes that Law 458 does not apply to it, since otherwise specific performance would be impossible. It also argues that legal impossibility is an affirmative defense that the PRHTA had to, but did not, raise.

Redondo's argument fails to acknowledge that the impact of Law 458 was not before the court in Redondo II. Neither party discussed Law 458 in the briefs, and the court did not mention the law even a single time. Because the Puerto Rico Court of Appeals did not consider the effect of Law 458 at all, we do not read its

order of specific performance as an implicit endorsement of Redondo's position. Likewise, we do not consider the PRHTA's failure to brief the issue of Law 458 before the Puerto Rico Court of Appeals to waive any argument regarding the law's effect, because the issue of whether specific performance was possible did not arise until the court issued its opinion ordering specific performance.[3]

Redondo goes on to argue that our opinion in Redondo IV resolves the law of the case issue in its favor. It argues that our Contracts Clause holding depended on an "understanding" that Redondo "had an available remedy in damages." This argument is correct on its own terms; we did explain that the fact that Redondo still had a remedy in damages meant there was no Contracts Clause violation. See Redondo IV, 662 F.3d at 48 ("If a state breaches a contract but does not impair the counterparty's right to recover damages for the breach, the state has not impaired the obligation of the contract."). But that conclusion does not lead as far as Redondo believes. We held only that Law 458 was not available as an affirmative defense to excuse the defendants "from compensating Redondo in damages if Redondo establishes a breach of contract." Id. We did not call into question the district court's prior

---

[3] Additionally, Redondo has not filed suit to compel the enforcement of the specific performance order from Redondo II, so the PRHTA still, nine years after Redondo II, has had no need to raise Law 458 as an affirmative defense.

-14-

decision in Redondo I that Law 458 validly barred Redondo from bidding after December 2000. Nor did we hold, either expressly or implicitly, that the agencies had waived the use of Law 458 as an affirmative defense against any challenge to their decisions barring Redondo from bidding after December 2000.[4]

Because neither the Puerto Rico court's decision in Redondo II nor our decision in Redondo IV called Redondo I's construction of Law 458 into question, that construction still governs here. Redondo's damages on its breach of contract claims cannot be premised on the proposition that, absent any breach by the PRHTA, Redondo would have had an unfettered right to bid on and win PRHTA contracts after December 29, 2000.

B.

Because Redondo bears the burden of proof, it must point to affirmative, admissible evidence supporting its claim for damages to survive the PRHTA's and the individual defendants' motions for summary judgment. See FDIC v. Elder Care Servs., Inc., 82 F.3d 524, 526 (1st Cir. 1996); Garside v. Osco Drug, Inc., 895 F.2d 46, 49 (1st Cir. 1990). We review the district court's exclusion of evidence on Daubert grounds for abuse of discretion. See Smith v. Jenkins, 732 F.3d 51, 64 (1st Cir. 2013).

---

[4] Redondo also offers arguments based on the doctrines of res judicata and judicial estoppel. These arguments fail for the same reasons detailed above.

-15-

The only record evidence regarding damages caused by the PRHTA and the individual defendants was the deposition testimony of CPA Villarini and his two expert reports.[5]  Even assuming the reports were admissible,[6] this evidence was properly excluded as unreliable.  Villarini's reports and deposition rely on the assumption that "Redondo could have submitted bids for contracts from December 11, 2000 to the present, without interruptions, for construction projects carried out by the [PRHTA]."  But as described above, the law of the case establishes that Redondo could not have bid for contracts from the PRHTA after December 29, 2000.  The assumption is flawed, and the district court did not abuse its discretion in concluding that this makes Villarini's evidence unreliable.

Villarini's evidence cannot be salvaged by trying to extract from it the amount of damages, if any, corresponding to the proper time period.  The expert reports calculated total damages between 2000 and 2010 but did not break down the damages for individual years within that period.  The reports show no plausible

---

[5]  The content of the reports is essentially the same as the deposition testimony.  Our analysis applies equally to the reports and the testimony, and we consider them as a single unit for purposes of simplicity in addressing Redondo's arguments.

[6]  Redondo asserts, without citation to the record, that the reports were "authenticated" during Villarini's deposition, and that this would be enough to render the reports admissible, citing 11-56 Moore's Federal Practice § 56.94[4][b].  We assume this point, without deciding, in Redondo's favor.

way, and Redondo suggests none, to distinguish the damages premised on the faulty assumption that Redondo could win PRHTA contracts after December 29, 2000 from those that do not rely on that assumption. That problem is compounded with respect to the individual defendants, for whom there is no reliable way to separate either the proper time period or the proportion of damages attributable to the individual defendants.

Without Villarini's evidence, Redondo has no record evidence of damages against the PRHTA or the individual defendants. The district court correctly entered summary judgment accordingly.

### III.

We next consider the district court's sua sponte dismissal[7] of the breach of contract claims against the PBA. We apply "especially rigorous appellate review" to the district court's sua sponte dismissal, although the ultimate de novo standard of review does not vary. Santiago v. Puerto Rico, 655

---

[7] The district court did not explicitly discuss the claims against the PBA. Instead, it addressed them after granting the PRHTA's and individual defendants' motions for summary judgment simply by stating "[t]his case is DISMISSED, with prejudice." We will refer to the "dismissal" as a proxy for entry of summary judgment against Redondo on the claims against the PBA. The label does not change our analysis, because the standards for reviewing sua sponte dismissals and sua sponte entry of summary judgment are largely identical. Compare, e.g., Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002) (standard for sua sponte dismissal), with Berkovitz v. Home Box Office, Inc., 89 F.3d 24, 29 (1st Cir. 1996) (standard for sua sponte summary judgment).

-17-

F.3d 61, 72 (1st Cir. 2011); <u>N.H. Right to Life Political Action Comm.</u> v. <u>Gardner</u>, 99 F.3d 8, 12 (1st Cir. 1996).

There are two important limits on a district court's authority to enter judgment sua sponte at the summary judgment stage:

> First, a district court ordinarily may order summary judgment on its own initiative only when discovery is sufficiently advanced that the parties have enjoyed a reasonable opportunity to glean the material facts. Second, the court may enter summary judgment sua sponte only if it first gives the targeted party appropriate notice and a chance to present its evidence on the essential elements of the claim or defense.

<u>Berkovitz</u> v. <u>Home Box Office, Inc.</u>, 89 F.3d 24, 29 (1st Cir. 1996) (citations omitted).

We are satisfied that the first condition was met here. The district court entered judgment on the claims against the PBA well after the close of discovery, and no party has argued that additional time for discovery was needed. However, the sua sponte entry of summary judgment fails on the second condition. Since the PBA did not seek summary judgment or dismissal, Redondo was never put on notice that entry of judgment was a possibility, nor was it given the opportunity to present its evidence to avoid that result.

The district court explained that one defendant's motion for summary judgment may be sufficient to put the plaintiff on notice of the need to identify proof as to the other defendants. That may be true when the same proof applies to both defendants.

-18-

Here, however, the claim against the PBA is differently situated than the claims against the PRHTA and the individual defendants. Under the law of the case, Redondo was eligible to bid for PBA contracts between April 16 and December 29, 2000. It actually did place several bids during that period and was awarded a PBA contract for one project, the Van Scoy school project. The PBA later cancelled the Van Scoy contract after Law 458 was passed. This contrasts with Redondo's relationship with the PRHTA for several reasons, including that the Van Scoy contract was terminated[8] and that Redondo had not placed any bids with the PRHTA during that time.

The district court's failure to provide Redondo notice and the opportunity to put forward that different evidence was error. Because the court did not meet the second necessary condition for entering judgment sua sponte at this stage, its sua sponte dismissal of the claims against the PBA cannot stand.

IV.

For the reasons stated above, the district court's entry of summary judgment in favor of the PRHTA and the individual defendants is <u>affirmed</u>. The dismissal of the claims against the

---

[8] Without in any way indicating a view on its admissibility as part of Redondo's case, we note that the PBA's expert report states that, if the PBA owes damages at all, the sum of damages for the cancelled contract is $190,088.

PBA is <u>vacated</u> and the case <u>remanded</u> for further proceedings consistent with this opinion.

Costs are awarded to the PRHTA and individual defendants. No costs are awarded with respect to the PBA.