# United States Court of Appeals
## For the First Circuit

No. 21-1739

JANET VAZQUEZ-VELAZQUEZ; RAMON A. DEL VALLE-LOPEZ; CONJUGAL
PARTNERSHIP DEL VALLE-VAZQUEZ; CARLOS R. CESPEDES-GOMEZ; JOCELYN
CALO-BIRRIEL; CONJUGAL PARTNERSHIP CESPEDES-CALO; SAUL O.
ALMEDA-CRUZ; JUDITH NIEVES-RIVERA; CONJUGAL PARTNERSHIP ALMEDA-
NIEVES; FRANCISCO M. ALVARADO-BARRIOS; MARILYN ALVAREZ-RIVERA;
CONJUGAL PARTNERSHIP ALVARADO-ALVAREZ; JUAN C. ARROYO-RAMIREZ;
DAMARIS VELEZ-RIOS; CONJUGAL PARTNERSHIP ARROYO-VELEZ; JOAN
ARROYO-TORRES; JOSE R. HUERTAS-DIAZ; MARIA I. AYALA-RIVERA;
CONJUGAL PARTNERSHIP HUERTAS-AYALA; JUAN O. BADILLO-VELEZ;
AUDREY CHICO-GARCIA; CONJUGAL PARTNERSHIP BADILLO-CHICO; JULIO
BAEZ-ROMERO; ISRAEL CANCEL-HIDALGO; YAMELIA M. QUINTANA-LATORRE;
CONJUGAL PARTNERSHIP CANCEL-QUINTANA;ANGEL L. CARABALLO-
IRIZARRY; ALEIDA OQUENDO-HERNANDEZ; CONJUGAL PARTNERSHIP
CARABALLO-OQUENDO; AXEL CARRASQUILLO-CUEVAS; ANGEL L. CORA-DE-
JESUS; EILEEN LARRACUENTE-ROSARIO; CONJUGAL PARTNERSHIP CORA-
LARRACUENTE; SAMUEL CORCHADO-RODRIGUEZ; WANDA L. FIGUEROA-
BARRETO; CONJUGAL PARTNERSHIP CORCHADO-FIGUEROA; YARITZA
CORDERO-BONILLA; JOEL BONET-TORRES; CONJUGAL PARTNERSHIP BONET-
CORDERO; LUIS F. CRUZ-ROSA; YARELIS ESTALA-OLIVERAS; CONJUGAL
PARTNERSHIP CRUZ-ESTALA; EDUARDO W. DA SILVA-OLIVEROS; CLAUDIA
L. ANTUNEZ-DE MAYOLO LOJAS; CONJUGAL PARTNERSHIP DA-SILVA-
ANTUNEZ; VIVIAN L. DE JESUS-RIVERA; EDIBERTO RODRIGUEZ-NEGRON;
CONJUGAL PARTNERSHIP RODRIGUEZ-DE-JESUS; MORAIMA FIGUEROA-
MORALES; EDDIE W. PACHECO-SANTIAGO; CONJUGAL PARTNERSHIP
PACHECO-FIGUEROA; JOSE A. GARCIA-MARRERO; JOSE B. GONZALEZ-
VELEZ; LOURDES SOTO-SANTIAGO; CONJUGAL PARTNERSHIP GONZALEZ-
SOTO; ENRIQUE M. GONZALEZ-VIRUET; KEILA Y. PELLOT-DIAZ; CONJUGAL
PARTNERSHIP GONZALEZ-PELLOT; GILBERTO HERNANDEZ-CAJIGAS; YAZMIN
MUNOZ-GALLOZA; CONJUGAL PARTNERSHIP HERNANDEZ-MUNOZ; DARYMAR
HERNANDEZ-GINES; JISELA JIRAU-ADAMES; WILTHER A. AVILES-LOPEZ;
CONJUGAL PARTNERSHIP AVILES-JIRAU; JESSIE JUSINO-LUGO; MARIBEL
CLASS-DELGADO; CONJUGAL PARTNERSHIP JUSINO-CLASS; SANDRA LISBOA-
GONZALEZ; DENNISSE LUCIANO-COLLAZO; RICHARD CABAN-RUIZ; NELLY
MALDONADO-RIVERA; CONJUGAL PARTNERSHIP CABAN-LUCIANO; VICTOR M.
MEDINA-BADILLO; CORINA NASTASACHE; CONJUGAL PARTNERSHIP MEDINA-
NASTASACHE; ANIBAL MIRANDA-PEREZ; GLADYS MOJICA-ORTIZ; CARLOS E.
LUGO-QUINONES; CONJUGAL PARTNERSHIP LUGO-MOJICA; NURYS A.
MOLINA-PEREZ; RAFAEL J. MORALES-DE JESUS; JULIA V. ALBELO-
RIVERA; CONJUGAL PARTNERSHIP MORALES-ALBELO; REGINO NAVARRO-

RODRIGUEZ; ADA I. MEDINA-SANCHEZ; CONJUGAL PARTNERSHIP NAVARRO-MEDINA; AMILCAR NIEVES-SANTIAGO; CRISTINE S. HEREDIA-PEREZ; CONJUGAL PARTNERSHIP NIEVES-HEREDIA; JOSE L. NOVOA-GARCIA; LUZ N. BRACERO-LUGO; CONJUGAL PARTNERSHIP NOVOA-BRACERO; ORLANDO ORTIZ-BURGOS; CARMEN D. DEL RIO-SOTO; CONJUGAL PARTNERSHIP ORTIZ-DEL RIO; PAMELA ORTIZ-OLMO; ILEANA OTERO-PADILLA; SHEILA PACHECO-SANCHEZ; ASTRID PAGAN-FLORES; LUIS R. PASTOR-REYES; LOURDES I. PEREZ-CARRION; NELSON MORALES-SANTANA; CONJUGAL PARTNERSHIP MORALES-PEREZ; IVELISSE PEREZ-MARQUEZ; DAYNA D. PEREZ-ZAPATA; TOMAS MONTALVO-TORRES; CONJUGAL PARTNERSHIP MONTALVO-PEREZ; IGNACIO RIOS-RIVAS; LESLIE E. CABALLERO-BELTRAN; CONJUGAL PARTNERSHIP RIOS-CABALLERO; JOSE M. RIVERA-COLON; IVETTE M. PEREZ-NIEVES; CONJUGAL PARTNERSHIP RIVERA-PEREZ; IVONNE RIVERA-ORSINI; DANIEL O. VALENTIN-ARROYO; CONJUGAL PARTNERSHIP VALENTIN-RIVERA; MARILYN RODRIGUEZ-DIAZ; LEONARDO RODRIGUEZ-DIEPPA; IDALISE LAZU-LAZU; CONJUGAL PARTNERSHIP RODRIGUEZ-LAZU; CARLOS J. RODRIGUEZ-HERNANDEZ; BRENDA I. COLON-ORTIZ; CONJUGAL PARTNERSHIP RODRIGUEZ-COLON; MARIA D. RODRIGUEZ-TOLEDO; LUIS A. TORRES-VAZQUEZ; CONJUGAL PARTNERSHIP TORRES-RODRIGUEZ; GABRIEL ROSADO-DE JESUS; MARGARITA VAZQUEZ-CEDENO; CONJUGAL PARTNERSHIP ROSADO-VAZQUEZ; ONIX ROSARIO-MORALES; ANGELA M. GARCIA-MUNOZ; CONJUGAL PARTNERSHIP ROSARIO-GARCIA; MIGUEL J. ROSARIO-RIVERA; AMARYLLIS L. RIVERA-REYES; CONJUGAL PARTNERSHIP ROSARIO-RIVERA; JOSE M. ROSARIO; EDUARDO RUIZ-VELEZ; SAUL J. SANDOVAL-MELENDEZ; AMBAR ROSARIO-LUGARO; CONJUGAL PARTNERSHIP SANDOVAL-ROSARIO; CARLOS M. SANTANA-VAZQUEZ; MARIBEL CRUZ-RIVERA; CONJUGAL PARTNERSHIP SANTANA-CRUZ; ANGEL L. SANTIAGO-GALARZA; DAMARI M. SANTIAGO-TORRES; EDGAR H. RODRIGUEZ-ORENGO; CONJUGAL PARTNERSHIP RODRIGUEZ-SANTIAGO; DAMARIS E. SEBASTIAN-LOPEZ; MARVIN SOSA-GONZALEZ; NIDIA I. BETANCOURT-RIVERA; CONJUGAL PARTNERSHIP SOSA-BETANCOURT; CELIA I. TAMARIZ-VARGAS; ALEXIS DELGADO-ACOSTA; CONJUGAL PARTNERSHIP DELGADO-TAMARIZ; JOSE O. TORO-MARTINEZ; JESSICA APONTE-APONTE; CONJUGAL PARTNERSHIP TORO-APONTE; GERARDO TORRES-ORTIZ; NEREIDA TORRES-RODRIGUEZ; CONJUGAL PARTNERSHIP TORRES-TORRES; DIXON VARGAS-MONTALVO; JOSE A. VELEZ-ZAYAS; ROSA M. VIROLA-FIGUEROA; CONJUGAL PARTNERSHIP VELEZ-VIROLA,

Plaintiffs, Appellants,

v.

PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY; FRANCISCO RODRIGUEZ-DOSAL, in his official capacity as Executive Director,

Defendants, Appellees.

_____

- 2 -

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Marco E. López, U.S. Magistrate Judge]

_____

Before

Kayatta, Lynch, and Thompson,
Circuit Judges.

_____

John E. Mudd, with whom Law Offices of John E. Mudd was on brief, for appellants.
Emanuel Rier Soto for appellees.

_____

July 12, 2023

_____

**LYNCH**, <u>**Circuit Judge**</u>. Appellants are sixty-nine current and former employees ("Appellant Employees") of the Puerto Rico Highways and Transportation Authority ("PRHTA") and their spouses and conjugal partners (collectively "Appellants"). They appeal from the district court's entry of judgment in favor of Appellees PRHTA and its executive director. Appellants allege that the PRHTA's decision to no longer give effect to its Regulation 02-017, which provided Appellant Employees with additional compensation, was based on a misreading of and contrary to P.R. Act No. 66-2014 and this gave rise to violations of the Contracts Clause and Due Process Clause of the U.S. Constitution and Article 1802 of the Puerto Rico Civil Code. The district court granted summary judgment for the PRHTA on Appellant Employees' federal constitutional claims, dismissing those claims with prejudice, and declined to exercise supplemental jurisdiction over Appellants' claims under Puerto Rico law, dismissing those claims without prejudice. <u>Vázquez-Velázquez</u> v. <u>P.R. Highway & Transp. Auth.</u>, 2021 WL 3501380, at *15 (D.P.R. Aug. 9, 2021).

We find that the district court correctly concluded that Appellant Employees cannot establish their federal constitutional claims and the court acted within its discretion in declining to exercise jurisdiction over Appellants' remaining Puerto Rico law claims. We affirm.

- 4 -

Appellant Employees served as either PRHTA project administrators or project supervisors on top of their regular duties as engineers in training, engineers I-IV, or chiefs of brigade. Project administrators serve as the direct link between the PRHTA and the private contractors that build PRHTA projects, and they must inspect construction projects to ensure that private contractors build them according to plans and specifications in the construction contract. Project supervisors may supervise multiple project administrators. Appellant Employees received a regular salary for their work, and, since 2000, they also received additional compensation for their roles as project administrators or supervisors. This additional compensation was most recently provided for in PRHTA Regulation 02-017, "Program for Construction Project Management Compensation," which the PRHTA adopted on November 28, 2011, based on the applicable provisions of the Puerto Rico Highway and Transportation Authority Act, P.R. Act No. 74 (June 23, 1965). Article I of Regulation 02-017 provides that "[t]he Construction Project Management Compensation Program . . . recognizes the difference in tasks, duties, and responsibilities that exist between the officials assigned to the management of the construction projects and other employees with the same classification who do not work in these types of projects." Article I further emphasizes that, in the fulfillment of these

responsibilities, "these officials are obligated to make extraordinary efforts to ensure that the contractors carry out the projects effectively and efficiently, as agreed in the contract," which can "cause[] an adverse effect on their family relationships, risking their safety and health." Regulation 02-017 calculates additional compensation based on a PRHTA official's classification and the level of complexity of the project, subject to "the result of the performance and execution evaluation of the participants." Additional compensation was paid quarterly after the evaluation was completed. Compensation amounts could fluctuate based on evaluation, and the PRHTA maintained the power to remove any employee from the compensation program if they failed to meet the minimum evaluation requirements.

In June 2014, the Puerto Rico Legislature enacted P.R. Act No. 66-2014, the "Government of the Commonwealth of Puerto Rico Special Fiscal and Operational Sustainability Act," which applies to the PRHTA as a public corporation of Puerto Rico's Executive Branch. On October 2, 2014, the PRHTA issued Informative Bulletin 2015-007, "Expense Reduction Measures in Compliance with Sections 9, 10, 11, and 17 of Law 66-2014, Special Fiscal Sustainability and Operations of the Government of the Commonwealth of Puerto Rico Act," which stated that the PRHTA would no longer give effect to Regulation 02-017 "during the validity of Law 66-2014" effective retroactively on July 1, 2014, but left

untouched the Appellant Employees' regular salaries.  The PRHTA thus did not pay Appellant Employees additional compensation retroactively for the period of July 1-October 1, 2014 and prospectively after the Bulletin was issued on October 2.

On August 18, 2015, Appellants filed an amended complaint pursuant to 42 U.S.C. § 1983 alleging that in no longer giving effect to Regulation 02-017, Appellees violated Appellants' procedural and substantive due process rights under the Fourteenth Amendment, as well as their rights under the Takings Clause of the Fifth Amendment, Equal Protection Clause of the Fourteenth Amendment, and the Contracts Clause in Article 1, Section 10, Clause 1 of the U.S. Constitution.  Appellants also alleged certain Puerto Rico law claims.  Appellees moved to dismiss the complaint on September 10, 2015.  The district court granted that motion in part and denied it in part on January 14, 2016, leaving only Appellant Employees' procedural due process and Contracts Clause claims, and Appellants' commonwealth law claims under Puerto Rico Laws 100 and 180, and Article 1802 of the Puerto Rico Civil Code. In January and February 2021, the district court dismissed Appellants' claims pursuant to Puerto Rico Laws 100 and 180, respectively, after they voluntarily desisted any claims under these laws and consented to dismissal with prejudice.  After holding a pretrial and settlement videoconference on February 25,

2021, the district court ordered the parties to file cross motions for summary judgment on Appellant Employees' remaining claims.

On August 9, 2021, the district court dismissed Appellant Employees' remaining federal claims with prejudice. See Vázquez-Velázquez, 2021 WL 3501380, at *15. As to Appellant Employees' procedural due process claim, the district court held that they did not have a constitutionally protected property interest in the additional compensation under Regulation 02-017 because they were not terminated, the additional compensation was contingent on evaluation, and nothing in the regulation guaranteed the additional compensation. As to Appellant Employees' Contracts Clause claim, the district court held that "no reasonable fact finder could infer that Informative Bulletin 2015-007 constituted legislative action that infringed upon [Appellant] Employees' alleged contractual rights." Thus, Appellant Employees challenge "how the law was applied as opposed to the creation of the law itself." Because the district court dismissed all federal law claims, it declined to exercise supplemental jurisdiction over Appellants' claims under Puerto Rico law and dismissed them without prejudice.

Appellants timely appealed.

## II.

We review de novo a district court's grant of summary judgment. See Minturn v. Monrad, 64 F.4th 9, 13 (1st Cir. 2023).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must examine the record in the light most favorable to the nonmoving party and must make all reasonable inferences in that party's favor. See Viscito v. Nat'l Planning Corp., 34 F.4th 78, 83 (1st Cir. 2022). Where the parties cross-move for summary judgment, "the court must [examine] each motion separately, drawing inferences against each movant in turn." Id. (alteration in original) (internal quotation marks omitted) (quoting Lawless v. Steward Health Care Sys., LLC, 894 F.3d 9, 21 (1st Cir. 2018)); see also Perea v. Ed. Cultural, Inc., 13 F.4th 43, 50 (1st Cir. 2021) (noting that cross motions for summary judgment do not change the standard of review).

We review for abuse of discretion a district court's refusal to exercise supplemental jurisdiction over state or commonwealth law claims once all federal claims are dismissed. See Redondo Constr. Corp. v. Izquierdo, 662 F.3d 42, 48-50 (1st Cir. 2011).

## III.

Appellants argue that the district court erred in dismissing their claims under the Contracts Clause and Due Process Clause of the U.S. Constitution and under Puerto Rico state law. We analyze each provision in turn.

### a. Contracts Clause

Appellant Employees argue that PRHTA Informative Bulletin 2015-007 was based on a flawed reading of P.R. Law 66-2014 and not required by that law. They allege this misreading impaired the contractual relationship that Regulation 02-017 created and thus violates the Contracts Clause of the U.S. Constitution. Specifically, Appellant Employees argue that the "Informative Bulletin was not a reasonable, appropriate or necessary way for [the] PRHTA to implement Law 66-2014" because the Law "did not require the [PR]HTA to eliminate the 'fair and reasonable compensation' that the Regulation and years of practice established" for Appellant Employees.

The Contracts Clause of the U.S. Constitution provides that "[n]o State shall . . . pass any . . . Law impairing the Obligation of Contracts." U.S. Const. art. 1, § 10, cl. 1. The Contracts Clause "is aimed at the legislative power of the State, and not at the decisions of its courts, or the acts of administrative or executive boards or officers, or the doings of corporations or individuals." New Orleans Waterworks Co. v. La. Sugar Refin. Co., 125 U.S. 18, 30 (1888). Courts analyze Contracts Clause claims under a two-prong test, assessing first whether the state law has operated to substantially impair a contractual relationship, and then if so, whether the impairment was reasonable and necessary to serve an important government interest. See

United Auto., Aerospace, Agr. Implement Workers of Am. Int'l Union v. Fortuño, 633 F.3d 37, 41 (1st Cir. 2011). Before reaching the two-prong test, however, a party must first allege a contract and a state law that impairs it. Assuming arguendo that Regulation 02-017 created a contract between Appellant Employees and the PRHTA, Appellant Employees have failed to pinpoint a state law that impairs this contract.

First, Informative Bulletin 2015-007 is not a "law" within the meaning of the Contracts Clause. The Bulletin simply announces the PRHTA's alleged breach; it is not a legislative act. See St. Paul Gas Light Co. v. St. Paul, 181 U.S. 142, 148-49 (1901) (holding that a city ordinance requiring that no further interest be paid to the plaintiff "was but a denial by the city of its obligation to pay" and that "[t]his denial, whilst embodied in an ordinance, was no more efficacious than if it had been expressed in any other form").

Second, Appellant Employees have waived any argument that Law 66-2014, which is a "law" within the meaning of the Contracts Clause, impairs their contract because they argue the exact opposite: that Law 66-2014 did "not require" the PRHTA to no longer give effect to Regulation 02-017. Assuming without deciding that Appellant Employees' interpretation of Law 66-2014 is correct, there is no legislative act that impairs any contract. See Izquierdo, 662 F.3d at 48 (holding that the PRHTA's alleged

breach of a settlement agreement "did not violate the Contracts Clause, even if committed in an attempt to unlawfully enforce" a Puerto Rico law, because "nothing in [that law] prevent[ed] [the plaintiff] from obtaining a remedy for a demonstrated breach of the settlement agreement[]"). Appellant Employees thus do not have a constitutional claim under the Contracts Clause, but a garden-variety breach of contract claim. See id. ("If a state breaches a contract but does not impair the counterparty's right to recover damages for the breach, the state has not impaired the obligation of the contract.").

This reasoning applies both to Appellant Employees' claims for retroactive compensation from July-October 2014 and claims for compensation for future work because in either case -- assuming that Appellant Employees had a contractual right -- the PRHTA merely breached that contract, providing Appellant Employees a commonwealth law remedy for breach of contract, not a constitutional Contracts Clause claim.

**b. Due Process Clause**

Appellant Employees argue that the PRHTA violated their procedural due process rights because "custom created or could create a constitutionally protected property interest" in the additional compensation, and they should have been afforded a process to challenge the Bulletin's "clearly erroneous

interpretation of Law 66-2014." The district court dismissed these claims.

We need not decide whether Appellant Employees had a constitutionally protected property interest because the requisite process was provided. The suspension of the program was generally applicable and not based on facts specific to any particular employee, so no pretermination hearing was required. Cf., e.g., Rodriguez-Sanchez v. Mun. of Santa Isabel, 658 F.3d 125, 130 (1st Cir. 2011) ("We have held that pre-termination hearings are not required by due process where a bona fide government reorganization plan bases dismissals on factors unrelated to personal performance. . . . Because such a plan is aimed at positions of employment rather than at individual employees, a pre-termination hearing would be a futile exercise." (citations omitted)).

### c. Claims Under Puerto Rico Law

Finally, we hold that the district court properly exercised its informed discretion in declining to exercise jurisdiction over Appellants' remaining Puerto Rico law claims under Article 1802 of the Puerto Rico Civil Code, which states that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done."

The district court dismissed Appellants' Article 1802 claim, reasoning that it "retains the discretion . . . to decline

to exercise supplemental jurisdiction where [it] has dismissed all claims over which it had original jurisdiction." Vázquez-Velázquez, 2021 WL 3501380, at *14 (omission in original) (quoting Marrero-Gutierrez v. Molina, 491 F.3d 1, 7 (1st Cir. 2007)). Though the district court is not required to dismiss state or commonwealth law claims where all federal claims are dismissed before trial, see Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988), a district court must exercise its "informed discretion" when deciding whether to assert supplemental jurisdiction, Izquierdo, 662 F.3d at 49 (quoting Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 257 (1st Cir. 1996)). This analysis requires the district court to "weigh concerns of comity, judicial economy, convenience, and fairness." Id. It is "the usual case [that where] all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. (omission in original) (quoting Carnegie-Mellon Univ., 484 U.S. at 350 n.7).

Appellants argue that this is the unusual case where the district court should have exercised supplemental jurisdiction because the case was "in summary judgment, after pretrial, filing of jury instructions, voir dire, and jury verdict form" and "[a]ll that was missing was trial." Appellants emphasize that "[b]y dismissing the [Puerto Rico] law claims, the [d]istrict [c]ourt

forces Appellants to trudge again to Judge Swain to seek lifting of the stay, then proceeding in the [c]ommonwealth [c]ourts[, which] is not the best handling of limited resources." We find that the district court acted within its informed discretion in dismissing Appellants' commonwealth law claims without prejudice. This case is the usual one where a district court may decline to exercise supplemental jurisdiction after dismissing all federal claims, and it is distinguishable from instances where this court has found that unusual circumstances justify the exercise of supplemental jurisdiction. See, e.g., Izquierdo, 662 F.3d at 47, 49 (dealing with an "unusual" case where "[i]nterests in judicial economy, convenience, and fairness weighed overwhelmingly in favor of the court's exercising its jurisdiction"). The gravamen of this case turns on an interpretation of Puerto Rico law better suited to be resolved by the Commonwealth's courts, and as such, there is no continuing federal interest here. This case was not on the eve of trial, and further any assertions of obligations owed by the Commonwealth are within the dischargeability parameters of the PROMESA statute as we describe in the companion case issued today.

## IV.

For the foregoing reasons, we affirm the dismissal of Appellant Employees' claims under the Contracts Clause and the Due

Process Clause and Appellants' claims under Article 1802 of the Puerto Rico Civil Code.